IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LAZARO SALGADO-CEBALLOS,

     Petitioner,

vs.                                        No. 04-2295-Ml/P

RANDY DAVIS,

     Respondent.

---

ORDER DIRECTING CLERK TO UPDATE THE DOCKET
AND
ORDER GRANTING WRIT OF HABEAS CORPUS

---

The petitioner, Lazaro Salgado-Ceballos, Immigration and Naturalization Service ("INS") number A23181919, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 9, 2004, the Court directed Respondent Davis to respond to the petition.

On January 19, 2005, the government filed its response, conceding that Clark v. Martinez, 543 U.S. 371 (2005) is controlling precedent supporting this request for habeas corpus relief. The government advises that the U.S. Immigration and Customs Enforcement ("ICE") has conducted a repatriation review under the procedures set out at 8 C.F.R. § 241.13 and has determined that there is no likelihood that the petitioner can be removed in the foreseeable future. In a decision issued on May 24, 2004, ICE notified the petitioner that he would be released on immigration parole, subject to certain conditions of supervision, including, that the petitioner register in a substance abuse program, not commit any crimes while on

the order of parole conditions, and report to any parole or probation officer as required.  ICE also notified the petitioner that should any court issue an enforceable order holding that the requirements of Zadvydas v. Davis, 533 U.S. 678 (2001), do not apply to him, that he would be returned to custody.  The petitioner was paroled May 27, 2004, to 1079 Thunderbird St. S.E., Albuquerque, New Mexico, 87106. The Clerk is ORDERED to update the docket to reflect petitioner's new address and mail this order to petitioner's updated address.

Accordingly, the petition pursuant to 28 U.S.C. § 2441 is GRANTED.  The petitioner shall be released under parole supervision of ICE, subject to the conditions of supervision set forth in the decision issued by ICE on May 24, 2004.  In particular, the petitioner should be returned to custody should this Court and/or the United States Court of Appeals for the Sixth Circuit and/or the United States Supreme Court determine that the requirements of Zadvydas v. Davis, 533 U.S. 678 (2001), are not applicable to the petitioner or aliens similarly situated to the petitioner.  Title 8 C.F.R. § 212.12 shall be applicable to petitioner and, if an above-referenced court so rules, then the purposes of the petitioner's parole will have been served within the meaning of 8 C.F.R. § 212.12(h).

IT IS SO ORDERED this 31st day of May, 2006.


/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

2